

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:21CR09

JABAR EUGENE CURRENCE,

      Petitioner.

## MEMORANDUM OPINION

Jabar Eugene Currence, proceeding <u>pro se</u>, submitted this MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ("§ 2255 Motion," ECF No. 68.)[1] Currence demands relief on the following grounds:[2]

Claim One:    "The District Court at my revocation hearing for supervised release violation plainly erred by imposing a 24-month term of imprisonment to run consecutive to a 36 [month] term of imprisonment to case (3:00-CR-388) because that term exceeds the applicable statutory maximum. On 12-16-21, the District Court sentenced me to a term of 9 months imprisonment for supervised release violation. The 9-month term was concurrent with a 9-month term in case 3:00-cr-388 for supervised release violation also. On 9-22-2022, I

---

[1] As explained more fully below, Currence's sentence and the term of supervised release that are at issue here were imposed by United States District Court for the Eastern District of Texas. (ECF Nos. 1, 2.) For ease of reference, this sentence shall be referred to as the "Texas Sentence".

[2] The Court employs the pagination assigned to Currence's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and spacing in the quotations from Currence's submissions.

received a 60-month term of imprisonment in cases (3:00-cr-388; 3:21-CR-009) for supervised release revocation. This sentence exceeds the statutory maximums." (ECF No. 68, at 4.)

Claim Two:    "Ineffective Assistance of Counsel. On 9-22-2002 . . . at supervised release revocation sentencing federal public defender Laura J. Koenig was ineffective because . . . she failed to [alert] the Court to the error in exceeding my statutory maximum sentences in case(s) 3:00-cr-388; 3:21-cr-009 by not deducting previous revocation concurrent term of imprisonment of (9) months, on 12-16-21 this sentence was imposed." (Id. at 5.)

The Government filed a RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. ("Response," ECF No. 76.) Currence filed no reply. For the reasons set forth below, Currence's § 2255 Motion (ECF No. 68) will be denied.

## I.  PROCEDURAL HISTORY

The procedural history of this case is lengthy because Currence has continued to engage in criminal activity and repeatedly violated his terms of supervised release. Although the Government's Response jointly addresses the § 2255 motions filed in this case and a second case, United States v. Currence, No. 3:00CR388, the Court only addresses arguments relevant to the present case. Here, as explained more thoroughly below, Currence

2

challenges the twenty-four-month sentence imposed on September 22, 2022, after he pled guilty to violating the terms of his supervised release. (See ECF No. 64, at 1.)  The Court's opinion in United States v. Currence, No. 3:00CR388, 2025 WL 634344, at *1 (E.D. Va. Feb. 26, 2025), recited in part below, provides an appropriate initial summary of the relevant procedural history of these two intertwined cases:

### A.    Conviction And Sentence In 2000

On December 6, 2000, a grand jury charged Currence and a co-conspirator with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); and possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Count Two). (ECF No. 2.) On February 9, 2001, Currence entered into a Plea Agreement in which he agreed to plead guilty to Count One. (ECF No. 15; see ECF No. 17.) On May 1, 2001, the Court entered judgment against Currence and sentenced him to 156 months of imprisonment, to be followed by a five-year term of supervised release ("2000 Cocaine Base Conspiracy Sentence"). (ECF No. 27; see ECF No. 111, at 1.)

### B.    Second Federal Conviction (1:04CR00079-1; 3:21cr09)

While Currence was serving his 156-month sentence, he was convicted pursuant to a guilty plea in the United States District Court for the Eastern District of Texas ("Texas Court") of assaulting, resisting, or impeding a federal correctional officer while an inmate, in violation of 18. U.S.C. § 111. See United States v. Currence, No. 3:21cr09, ECF No. 2-1, at 10. On June 15, 2005, the Texas Court sentenced Currence to sixty-three months of imprisonment to run consecutive with the 156-month sentence imposed in this case, to be followed by a three-year term of supervised release. ("Texas Sentence"); See United States v. Currence, No. 3:21cr09, ECF No. 2-1, at 11-13. On February 22, 2021, this Court entered a TRANSFER OF JURISDICTION for supervised

3

release for Currence from the Texas Court to the jurisdiction of this Court. United States v. Currence, No. 3:21cr09, ECF No. 2, at 1.) That order reflected that Currence was required to serve supervised release for the Texas Sentence from November 10, 2020 until November 9, 2023. (Id.)

### C. Currence's State Conviction

On February 5, 2019, while serving his federal sentence and still in Bureau of Prisons custody,

> Currence was transferred to a halfway house in Newport News, Virginia to complete the service of his Federal sentence. On February 8, 2019, he was arrested in Newport News after he physically assaulted and allegedly attempted to sexually assault a female at a bus stop in Newport News. He was ultimately convicted in Newport News Circuit Court of Strangulation, Assault, and two counts of Indecent Exposure.

(ECF No. 111, at 2.) Currence was released from state custody on November 10, 2020, and began serving his five-year term of supervised release. (Id.)

### D. Violations Of Supervised Release And Revocation

Over the next two years, Currence committed multiple violations of his supervised release which resulted in escalating severity of punishment. Currence's first revocation hearing was held on May 13, 2021. (ECF No. 125.) The Court deferred sentencing six months and allowed Currence to stay on supervised release by meeting certain conditions which Currence did not do. (ECF No. 126.) Currence's second revocation hearing was on December 9, 2021. (ECF No. 144.) Currence pled guilty to certain violations, was adjudged guilty, and was sentenced to serve nine months in prison, followed by five years of supervised release.[3] (ECF No. 145, at 1.)

---

[3] Also on December 9, 2021, in the present case, involving the Texas Sentence, the Court found that Currence had violated the terms of his Supervised Release imposed in conjunction with his Texas Sentence. (ECF No. 23, at 1.) The Court stated:

> The defendant entered a plea of guilty and was found guilty of violating the Special Condition and Condition 7. Therefore, and for the reasons set forth

4

On July 14, 2022, Currence had a third revocation hearing. (ECF No. 174.) The Court found Currence guilty of the alleged violations but continued sentencing for six months to allow Currence to be released to Gateway Homes on electronic monitoring. (ECF No. 176, 1-3.) Once again, this was unsuccessful.

Finally, on September 22, 2022, Currence appeared for his fourth revocation hearing, and that is the subject of Currence's challenges here. (ECF No. 185.) The Court explained as follows:

> The matter is before the Court on sentencing on the Petition on Supervised Release (ECF No. 146) and adjudication on the Addendum (ECF No. 177), alleging violations on the conditions of supervised release. The defendant entered a plea of guilty and was found guilty of violating the Special Condition: The Defendant Shall Report to the Gateway Homes Residential Facility Upon Release from Custody of the United States Marshals Service and Participate in the Programs as Directed and the Special Condition: The Defendant Shall Participate in 32 Hours Weekly of Structural Activities Such as Vocational Programming, Life Skills, and Other Therapeutic Programs. Therefore, and for the reasons set forth on the record on September 22, 2022, the defendant's supervised release was REVOKED.
>
> The defendant is sentenced to a term of imprisonment of THIRTY-SIX (36) MONTHS on all violations and is remanded to the custody of the Bureau of Prisons.
>
> . . . .

---

on the record on December 9, 2021, the defendant's supervised release was REVOKED and the defendant is sentenced to a term of imprisonment of NINE (9) MONTHS. This term of imprisonment and supervision shall run concurrently to the term imposed in 3:00-cr-388.

Upon release from imprisonment, the defendant is placed on supervised release for a term of TWO (2) YEARS.

(Id.)

5

> Upon release from imprisonment, the
> defendant shall have no term of supervised
> release to follow.
(ECF No. 187, at 1-2.)

Id. at *1-2.

Also, on September 22, 2022, with respect to the Texas

Sentence, the Court conducted a sentencing hearing on the Petition

on Supervised Release (ECF No. 24) and adjudicated the Addendum

(ECF No. 56) alleging violations of the conditions of supervised

release. (ECF No. 64.) The Court found as follows:

> The defendant entered a plea of guilty and was found
> guilty of violating the Special Condition: The
> Defendant Shall Report to the Gateway Homes Residential
> Facility Upon Release from Custody of the United States
> Marshals Service and Participate in the Programs as
> Directed and the Special Condition: The Defendant Shall
> Participate in 32 Hours Weekly of Structural Activities
> Such as Vocational Programming, Life Skills, and Other
> Therapeutic Programs. Therefore, and for the reasons
> set forth on the record on September 22, 2022, the
> defendant's supervised release was REVOKED.
> The defendant is sentenced to a term of
> imprisonment of TWENTY-FOUR (24) MONTHS on all
> violations and is remanded to the custody of the Bureau
> of Prisons. This term of imprisonment shall run
> consecutively to the term imposed in criminal case
> number 3:00-cr-388. The Court recommends that the
> defendant participate in any drug treatment programs and
> educational and vocational training, for which he is
> eligible and volunteers while in custody.
> Upon release from imprisonment, the defendant shall
> have no term of supervised release to follow.

(ECF No. 66, at 1-2.)

6

## II.  ANALYSIS

### A.    Claim One Is Barred From Review

The Government correctly asserts that Claim One is procedurally defaulted and barred from review here. The procedural default rule bars Claim One, absent a showing of cause and prejudice or actual innocence, because Currence could have raised, but failed to raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Linder v. United States, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Currence offers no cause and prejudice for the default of his claim, and he does not otherwise demonstrate that actual innocence excuses his default.[4]  Thus, Claim One is procedurally defaulted and is barred from here. Accordingly, Claim One will be dismissed.

---

[4] At most, Currence contends that my attorney "didn't notice this error and advised me that I had no grounds for appeal." (ECF No. 68, at 4.) This statement is too vague and conclusory to meet his burden to excuse the default of his claim. Moreover, as discussed in conjunction with Claim Two, the underlying premise of Claim One lacks merit.

## B.    Ineffective Assistance Of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.    A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.    In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim Two, Currence contends the counsel was ineffective at his revocation hearing, on September 22, 2022, because she should have argued that the Court must reduce any term of imprisonment by the nine months of imprisonment he previously had

served for violating this term of supervised release on December 9, 2021. Currence is wrong. See United States v. Griffin, 755 F. App'x 255, 256 n.* (4th Cir. 2019) (observing that the "court was not required to give [defendant] credit for the time he served in prison on his first revocation of supervised release or for any post-release supervision (citing 18 U.S.C. § 3583(e)(3); United States v. Harris, 878 F.3d 111, 118-20 (4th Cir. 2017))).

Currence's underlying offense in the present matter was assaulting, resisting, or impeding a federal correctional officer while an inmate, in violation of 18 U.S.C. § 111. That is a Class D Felony with a maximum possible term of eight years in prison. 18 U.S.C. §§ 111, 3559(a)(4). Pursuant to 18 U.S.C. § 3583(b)(2), the maximum authorized term of supervision for that offense is three years. The Texas Court initially imposed a three-year term of supervised release. Following the violation of Currence's term of supervised release on December 9, 2021, the Court ordered Currence to serve nine months in prison and, upon release, placed him on supervised release for a term of two years. This was permitted under the relevant statute. See 18 U.S.C. § 3583(e)(3).[5]

---

[5] That statute provides, in pertinent part:

**(e) Modification of conditions or revocation.**--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

9

Further, when Currence then violated the two-year term of supervised release, in September of 2022, the Court was free to impose a full two years of imprisonment. The Fourth Circuit explained why this is so.

> Enacted in 2003, the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. 108-21, 117 Stat. 650 (PROTECT Act), amended 18 U.S.C. § 3583(e)(3) to "permit[] the district court to start anew with the statutory maximum" term of imprisonment on each revocation "without aggregating any post-revocation imprisonment." United States v. Harris, 878 F.3d 111, 119 (4th Cir. 2017); see PROTECT Act § 101(1), 117 Stat. at 651. . . . Further, although the district court previously imposed concurrent supervised release terms on each of Thompson's counts of conviction, it was authorized "to impose consecutive rather than

> . . . .
> **(3)** revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . . .

18 U.S.C. § 3583(e)(3). Currence's offense of assaulting a correctional officer, while an inmate, is a Class D Felony. 18 U.S.C. §§ 111, 3559(a)(4).

10

concurrent sentences upon revocation of concurrent terms
of supervised release." United States v. Johnson, 138
F.3d 115, 119 (4th Cir. 1998) (alteration and internal
quotation marks omitted); see 18 U.S.C. § 3584(a).

United States v. Thompson, 832 F. App'x 811, 812-13 (4th Cir. 2020). Because the sentence imposed was legally appropriate, counsel reasonably refrained from raising the objection Currence urges here. Claim Two will be dismissed because Currence fails to demonstrate deficiency or prejudice.

### III. CONCLUSION

For the foregoing reasons, Currence's § 2255 Motion (ECF No. 68) will be denied. Currence's claims and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Currence and counsel of record.

It is so ORDERED.

/s/ REP
_____
Robert E. Payne
Senior United States District Judge

Date: October 10, 2025
Richmond, Virginia

11